# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. GIBSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL[1], *Acting Commissioner of Social Security*,<br><br>    Defendant. | Case No. ED CV 16-1293 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Timothy S. Gibson ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by improperly assessing his credibility. (*See* Joint Stip. at 4, 11-17, 20.) The Court agrees with Plaintiff for the reasons discussed below.

    A.    <u>The ALJ Improperly Assessed Plaintiff's Credibility</u>

As a rule, absent a finding of malingering, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so"

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

1

supported by substantial evidence. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003); *Brown-Hunter v. Colvin*, 806 F.3d 487, 489, 492-93 (9th Cir. 2015).

Here, first, the ALJ issued a general finding that failed to (1) identify what testimony he found not credible, and (2) tie that testimony to the evidence he believed undermined Plaintiff's complaints.[2] (*See* AR at 26-28); *Brown-Hunter*, 806 F.3d at 493 ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." (citation and internal quotation marks omitted)).

Second, the ALJ's statement that Plaintiff's credibility was only partially credible "for the reasons discussed herein," followed by a summary of the testimony, function reports, and medical evidence, is insufficient. (AR at 26); *see Brown-Hunter*, 806 F.3d at 494 (credibility determination insufficient when ALJ "simply state[s] [his] non-credibility conclusion and then summarize[s] the medical evidence").

Third, the ALJ erred by making a boilerplate finding that Plaintiff's symptom statements were "not credible to the extent those statements are inconsistent with the residual functional capacity assessment herein." (AR at 28); *Laborin v. Berryhill*, 867 F.3d 1151, 1152-54 (9th Cir. 2017) (ALJ errs by issuing boilerplate statement discrediting testimony to the extent it was "inconsistent with the above residual functional capacity assessment.").

Thus, the ALJ improperly assessed Plaintiff's credibility[3].

---

[2] To the extent it can be gleaned that the ALJ discounted Plaintiff's mental health complaints due to a lack of treatment records (*see* Administrative Record ("AR") at 27), or his physical complaints due to a similar lack of objective evidence, that reason cannot, by itself, support the credibility determination. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (lack of objective medical evidence supporting claimant's symptoms and limitations cannot, by itself, support a credibility finding).

[3] Contrary to the Commissioner's assertion, the ALJ's reference to Plaintiff's work history and daily activities were not reasons provided by the ALJ to support the credibility determination. (Joint Stip. at 18-19.) The Court agrees with Plaintiff that the ALJ simply mentioned both in his summary of Plaintiff's testimony. (*Id*. at 20; AR at 26-27); *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir.

B. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id*. at 594.

Here, in light of the error, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit his testimony or provide clear and convincing reasons, supported by substantial evidence, for rejecting it. *See Benton*, 331 F.3d at 1040. Further, if the ALJ rejects Plaintiff's allegations, he must specifically identify what testimony is not credible, and what evidence undermines his complaints. *See Brown-Hunter*, 806 F.3d at 493.

Finally, the Court is mindful that "the touchstone for an award of benefits is the existence of a disability, not the agency's legal error." *Id.* at 495. Because it is unclear, on this record, whether Plaintiff is in fact disabled, remand here is on an "open record." *Id.*; *Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014). Given the necessity of remand, the parties may freely take up all issues raised in the Joint Stipulation, including Plaintiff's contention that the AR was incomplete (Joint Stip. at 4-7, 10-11), and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ. Either party may address those points in the remanded, open proceeding.

---

2015) (reviewing court may only affirm agency action on grounds invoked by agency); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination").

3

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: January 10, 2018

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*